UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-24428

CARLOS LEON,

    Plaintiff,

vs.

ATLASS SYSTEM INC. AND
NICOLA MIELE,

    Defendants.
_____/

# COMPLAINT

Plaintiff, Carlos Leon, sues Defendants, Atlass System Inc. and Nicola Miele, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Carlos Leon**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-1.]

2. **Defendant, Atlass System Inc.**, is a for-profit Florida company that is *sui juris* and operated its business in this District at all times material.

3. **Defendant, Nicola Miele**, was and is the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

1

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their installation and service of alarm systems, panels, wiring, circuits, alarm coding, parts, materials, supplies, and products that have moved through interstate commerce. Defendants sold, services, tested, and/or installed fire alarms and fire alarm components in hi-rise and low-rise buildings while using tools, machinery, equipment, trucks, ladders, hand tools, supplies and materials that also have moved through interstate commerce.

9. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

11. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his servicing, testing, monitoring, installing, working on, and handling alarms, alarm panels, alarm circuits, alarm remotes, and alarm modules and alarm supplies that have traveled through interstate commerce while also utilizing telephones, digital devices, machines, and equipment that also traveled through interstate commerce.

13. Defendants hired Plaintiff in January 26, 2015, and he worked for Defendants until on or about June 5, 2015.

14. Plaintiff routinely worked approximately 50-52 hours per week for Defendants for which he was to be paid a rate of $8.00 per hour for travel to and from the worksites, plus $25.00 per hour while actively testing an alarm system/panel, plus $0.60 per mile driven for work.

15. Defendants failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

16. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

17. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff, Carlos Leon, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

18. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage of $7.25 per hour for all of the hours that he worked.

19. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

20. Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Carlos Leon, demands the entry of a judgment in his favor and against Defendants, Atlass System Inc. and Nicola Miele, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b) and/or all interest allowed by law;

   b. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

   c. That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

   d. Such other and further relief as the Court deems just and proper.

4

## **COUNT II – FLSA OVERTIME VIOLATION**

Plaintiff, Carlos Leon, reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

21.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

22.     Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

23.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Carlos Leon, demands the entry of a judgment in his favor and against Defendants, Atlass System Inc. and Nicola Miele, jointly and severally, after trial by jury and as follows:

a.  That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b) and/or all interest allowed by law;

b.  That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

  c.  That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

  d.  Such other and further relief as the Court deems just and proper.

### COUNT III – BREACH OF CONTRACT

Plaintiff, Carlos Leon, reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

24. Plaintiff and Defendants agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him at the rate $8.00 per hour for travel to and from the worksites, plus $25.00 per hour while actively testing an alarm system/panel, plus $0.60 per mile driven for work.

25. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

26. Defendants, however, failed and refused to perform their obligation(s) to pay Plaintiff a rate of $8.00 per hour for travel to and from the worksites, plus $25.00 per hour while actively testing an alarm system/panel, plus $0.60 per mile driven for work, thereby breaching the oral contract/agreement.

27. Plaintiff has been damaged as a result of Defendants' failure to pay him the agreed-upon amount for each hour worked by failing to pay him for all hours worked.

WHEREFORE Plaintiff, Carlos Leon, demands the entry of a judgment in his favor and against Defendants, Atlass System Inc., and Nicola Miele, jointly and severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this

6

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

Plaintiff, Carlos Leon, reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

28. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

29. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendants.

30. Defendants have been unjustly enriched in that they have failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Carlos Leon, demands the entry of a judgment in his favor and against Defendants, Atlass System Inc., and Nicola Miele, jointly and severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 1st day of December, 2015.

                        Respectfully Submitted,

                        FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Miami, FL 33143
Tel:   305.230.4884
Fax:   305.230.4844

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

8

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com